## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL ANTHONY LEE, II** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Case No. 25-1026-DDC-GEB** |
| | ) |
| **AMAZON.COM LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### <u>ORDER</u>

This matter is before the Court on Plaintiff Michael Anthony Lee, II's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel ("Motion") (**ECF No. 4**). For the reasons outlined below, Plaintiff's Motion is **DENIED** without prejudice as to refiling.

For parties who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[1] However, there is no constitutional right to counsel in an employment discrimination action.[2] "[A] court may, in its discretion, appoint counsel for a plaintiff in

---

[1] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[2] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case)).

an employment discrimination action."[3] The Court, in its discretion, evaluates multiple factors when deciding whether to request an attorney for an indigent party.[4]

In *Castner v. Colo. Springs Cablevision*,[5] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel.

The Court's appointment power must be thoughtfully and prudently used so willing counsel may be located,[6] but consideration of the increase in pro se filings and the limited number of attorneys willing to accept pro bono appointment is very important.[7] Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel, the Court typically requires a party meet and confer with at least five attorneys regarding the case.[8]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff at this time. Plaintiff has satisfied the first prong of the *Castner* analysis – he is

---

[3] *Hall v. S.M.A.A.R.T.*, No. 05-1205-WEB, 2005 WL 8160600, at *2 (D. Kan. Aug. 23, 2005) (citing 42 U.S.C. § 2000e-5(f)(1) and 42 U.S.C. § 12117(a) making the procedures of § 2000e-5 applicable to actions under Title I of the Americans with Disabilities Act.)

[4] *Jackson*, 2014 WL 494789, at *1.

[5] *Castner*, 979 F.2d at 1422.

[6] *Castner*, 979 F.2d at 1421; *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV, 2012 WL 1154509, at *3 (D. Kan. Apr. 5, 2012).

[7] *Jackson,* 2014 WL 494789, at *3.

[8] *Id.,* at *2.

unable to afford counsel, as established in his financial affidavit and the Court's order granting his motion to proceed *in forma pauperis.*[9]

Without identifying the names of attorneys or firms contacted, Plaintiff indicates he was unable to find a lawyer after two months of searching.[10] The Court is hopeful with additional time and diligence, Plaintiff may secure an attorney to represent him.

The third factor of *Castner* requires the Court find Plaintiff has stated a valid claim. The Court has reviewed the allegations of Plaintiff's Complaint and, if taken as true, finds the facts tend to support a claim under the Americans with Disabilities Act.

Plaintiff fails the fourth factor -- the plaintiff's capacity to prepare and present the case without the aid of counsel, at this time. Plaintiff's case is not unusually complex and there is no indication, at least in this early stage of litigation, Plaintiff cannot adequately represent himself. Thus far, Plaintiff's filings reflect some understanding of court rules and procedures, and the relevant law. The Court is cognizant, "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[11] as the case moves forward. Postponing a decision to appoint counsel at this early stage allows the Court to gain more information about both the merits of Plaintiff's claims and his ability to present this case to the Court.[12] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of

---

[9] ECF No. 6.
[10] ECF No. 4.
[11] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).
[12] *Id.*

dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[13]

For the reasons outlined above, **IT IS ORDERED** Plaintiff Michael Anthony Lee, II's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (**ECF No. 4**) is **DENIED without prejudice as to refiling** should his case continue to go forward.

**IT IS SO ORDERED.**

Dated this 18th day of August 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[13] *Zillner v. Brennan*, No. 15-9904-DDC, 2016 WL 81229, at *3 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).